■ JOSEPH STASHKEVETCH, Appellant, v CITY OF NEW YORK et al., Respondents. [965 NYS2d 96]—

Order, Supreme Court, New York County (Geoffrey D.S. Wright, J.), entered on or about November 21, 2011, which granted plaintiff's motion to reargue defendants' in limine motion to dismiss the complaint and upon reargument, adhered to the prior order, same court and Justice, entered on or about September 27, 2011, granting defendants' motion pursuant to CPLR 4404 based on the inadequacy of the notice of claim, unanimously affirmed, without costs. Appeal from the September 27, 2011 order, unanimously dismissed, without costs.

In this action for personal injuries allegedly sustained by plaintiff when his bicycle hit a depression in a grassy area, after he was diverted from the bicycle path in a city park due to cleaning activities by defendants' employees on a retaining wall, defendants moved to dismiss at the close of plaintiff's case, on the ground, first raised by the trial court, that the notice of claim was inadequate. As defendants concede, and we agree, the trial court improvidently granted the motion on this ground. On reargument, the court also improvidently raised the doctrine of assumption of risk sua sponte. Nevertheless, dismissal of the complaint is warranted on the alternate ground, raised before the trial court, that defendants' employees were engaged in a governmental function giving rise to the governmental immunity defense. Diverting traffic to protect the public from the harsh chemicals used in the cleaning process was a discretionary act performed by public employees in the exercise of reasoned judgment (*see Valdez v City of New York*, 18 NY3d 69 [2011]; *Wittorf v City of New York*, 104 AD3d 584 [1st Dept 2013]). Accordingly, the City cannot be liable for this conduct and the motion to dismiss the complaint was properly granted. Concur—Friedman, J.P., Richter, Feinman, Gische and Clark, JJ.